UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **JOSEPH HARMON,** ) | |
| ) | |
|       **Petitioner**   ) | |
| ) | |
|       **v.**   ) | No. 3:05cv0069 AS |
| ) | |
| **ED BUSS, Supt.,** ) | |
| ) | |
|       **Respondent**   ) | |

*MEMORANDUM OPINION AND ORDER*

On or about January 31, 2005, *pro se* petitioner, Joseph Harmon, an inmate at the Westville Correctional Facility in Westville, Indiana (WCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on July 18, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through E, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. He was the subject of a prisoner disciplinary proceeding in which he was found to have been engaged in intimidation or threatening conduct. These proceedings were had in mid-2004. His sanction included the loss of telephone privileges which does not implicate a liberty interest. He was also sanctioned with disciplinary segregation which was suspended

pending no A/B for six months. *See also Sandin v. Conner*, 515 U.S. 472 (1995). However, there was a deprivation of 90 days earned time credit and a demotion from credit class I to credit class II, which does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). The designation of the CAB proceeding was WCC 04-06-214. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

Certainly the failure to make claims during the administrative review process amounts to a procedural default. *See Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), and *Nelson v. McBride*, 912 F.Supp. 403 (N.D. Ind. 1996). There was a failure to name any witnesses in the processing stage. *See Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992), as well as *Sweeney v. Parke*, 113 F.3d 716 (7th Cir. 1997). In the same vein, the petitioner waited until the day of hearing to make a request for handwriting samples.

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

When it is all said and done, there is no basis for relief presented here by this petitioner under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  August 24, 2005

          **S/ ALLEN SHARP**
          **ALLEN SHARP, JUDGE**
          **UNITED STATES DISTRICT COURT**